Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4339 | **DATE** | 7/06/2001 |
| **CASE TITLE** | Beverly Early, et al. v. David Bruno, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Village of Schaumburg's, Village of Hanover Parks's and Bank One's Motions to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, this Court GRANTS Bank One's Motion to Dismiss [# 20], GRANTS the Village of Hanover Park's Motion to Dismiss [# 30], and GRANTS IN PART and DENIES IN PART the Village of Schaumburg's Motion to Dismiss [# 18].

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 10 2001 date docketed | 34 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mrl | courtroom deputy's initials | FILED FOR DOCKETING 01 JUL -9 PM 3: 35 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| Beverly Early, et al. | |
| Plaintiffs, | No. 00 C 4339 |
| v. | |
| David Bruno et al., | The Hon. David H. Coar |
| Defendant. | |



## MEMORANDUM OPINION AND ORDER

A group of individuals sued various individual police officers, municipalities, and Bank One, for various alleged wrongs surrounding the execution of a search warrant and certain ensuing events. Bank One, NA and the Villages of Hanover Park and Schaumburg have moved this Court to Dismiss the Amended Complaint as it relates to them. Specifically, Bank One says that the sole count in which it is a defendant – a state-law claim for breach of contract – is not within this Court's subject-matter jurisdiction. Also, the Village Defendants say that the Plaintiffs have not properly plead municipal liability for the federal civil rights counts. Finally, Schaumburg says that the Plaintiffs do not actually seek relief or seek improper relief against it in all counts against it. For the reasons stated below, this Court GRANTS Bank One's Motion to Dismiss, GRANTS the Village of Hanover Park's Motion to Dismiss, and GRANTS IN PART and DENIES IN PART the Village of Schaumburg's Motion to Dismiss.

### Introduction

A detailed account of the background facts of this case are not essential for disposing of the motions before the Court. A brief background sketch, however, is helpful to put the alleged wrongdoing in context.[1] According to the complaint, on July 17, 1998, various police officers from

---

[1] The recitation of facts here is not intended to be complete. It is merely an attempt to sketch the outline of the alleged wrongs for purposes of deciding the Defendants' motions.

several different police departments entered a home at 7313 Northway in Hanover Park, Illinois. Among other things, the Plaintiffs say that the officers failed to knock and announce their office, forced the door open, fired tear gas into the house and assaulted, battered, and falsely imprisoned some of the Plaintiffs. Additionally, the Defendants are alleged to have conspired with one another to destroy certain property that the Plaintiffs owned, to cover up their wrongdoing, and to inform Bank One that they had found illegal drugs in Beverly Early's Lexus automobile. Based on this information, Bank One repossessed and sold her car. Finally, the officers failed to prevent the alleged wrongdoing of their fellow officers.

As a result of the Defendants' actions, several of the Plaintiffs suffered various injuries. The Defendants did not treat these injuries or respond to requests to treat the injuries. Consequently, the Plaintiffs sued the various Defendants. Bank One and the Village Defendants moved to dismiss. The Court now addresses the substance of each of these motions.

## Analysis

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether the plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The Court accepts as true all of plaintiff's well-pleaded factual allegations, and draws all reasonable inferences in the her favor. Id. Thus, the Court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## Bank One's Motion to Dismiss

Bank One moves this Court to dismiss Count VII of the Amended Complaint – the only count in which Bank One is named as a defendant – for lack of subject matter jurisdiction.[2] See 28 U.S.C. § 1367. Specifically, Bank One says that either: (1) this Court does not have the power to hear this purely state-law claim; or alternatively, (2) even if the Court does have the power to hear the claim, it should not exercise jurisdiction because the federal-law issues predominate. See, 28 U.S.C. § 1367(c)(4).

The supplemental jurisdiction statute allows federal courts to exercise jurisdiction over claims that "are so related to [the federal claims] that they form the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Claims arise from the same "case or controversy" if they derive from a "common nucleus of operative facts." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Although it has often been stated that claims are supplemental if "a loose factual connection [exists] between the claims," see, e.g., Channell v. Citicorp Nat'l Serv., Inc., 89 F.3d 379, 385 (7th Cir.1996), the touchstone inquiry is still whether, "considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." Id. As a practical way of testing this, courts often look to see if the same facts underlying proof of liability for the federal claims also underlie the proof of liability for the state-law claim. E.g., LaSalle Nat'l Trust. N.A. v. Schaffner, 818 F. Supp. 1161, 1165 (N.D. Ill. 1993).

The facts underlying the breach-of-contract claim against Bank One do not also underlie the claims against the municipalities or the individual officers. The basis for Early's claim is that, in

---

[2] Bank One also moved to dismiss Count VII for failure to state a claim upon which relief can be granted. In light of the decision regarding subject matter jurisdiction, the Court does not reach this aspect of its motion.

reliance on statements made by the police-officer defendants, it repossessed and sold her Lexus automobile. According to the Amended Complaint, by doing this, they breached their contract with her because she was making her payments on time. All other aspects of the Amended Complaint relate to the allegedly illegal search, seizure, and ensuing police abuses. The Plaintiffs' civil-rights claims include counts for violation of various constitutional provisions, assault, battery, and false imprisonment. It is true that Early alleges that a police conspiracy – the same conspiracy alleged in the civil-rights claims – caused Bank One to breach its contract with her. But the cause of or reason for Bank One's alleged breach is not an element of Early's cause of action. See, e.g., Commercial Bank of Korea, Ltd. v. Charona, Inc., No. 90 C 260, 1990 WL 115790 at *6 (N.D. Ill. Aug. 3, 1990) (elements are: (1) contract; (2) breach; (3) plaintiff's performance; and (4) damages.) Because the facts necessary to prove Early's breach-of-contract claim are different from those necessary to prove the civil rights claims that make up the bulk of the complaint, the Court GRANTS Bank One's motion to dismiss.

### Hanover Park & Schaumburg's Motions to Dismiss

The Villages of Hanover Park and Schaumburg ask this Court to dismiss the Amended Complaint because the Plaintiffs have not alleged a proper municipal-liability claim. Municipalities like the Villages are "people" who can be liable under Section 1983. Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978); 42 U.S.C. § 1983. The Villages, however, cannot be held liable merely because their employees violate citizen's constitutional rights. Put another way, there is no respondeat superior liability under Section 1983. Id. at 692. Instead, to hold them liable, the Plaintiffs must show that an unconstitutional policy or custom caused their injuries. See, e.g., Pembaur v. Cincinnati, 475 U.S. 469, 480-81 (1986). To allege a municipal policy plaintiffs must allege either: "(1) an express policy . . . ; (2) a widespread practice that, although not authorized by

written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) . . . [action] by a person with final policymaking authority." Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 734-35 (7th Cir. 1994) (citations and internal marks omitted).

The Plaintiffs here have focused almost exclusively on the third method of showing a policy.[3] Specifically, the Plaintiffs argue that they have plead a "series of bad acts and [have invited] the court to infer from them that the policymaking level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned" the bad acts. Jackson v. Marion County, 66 F.3d 151, 152 (7th Cir. 1995).[4] Plaintiffs' allegations, however, fall far short of showing a "widespread practice" of wrongdoing. The Amended Complaint simply states that the Villages have been "deliberately indifferent to the illegal conduct and unconstitutional acts" of the police officers alleged to have harmed the Plaintiffs. See Amend. Compl. ¶ 23. The Plaintiffs characterize the alleged wrongdoing here as a "series" of acts. Even read in the light most favorable to them though, the most that can be said is that the alleged wrongdoing surrounded one transaction,

---

[3] Although certain allegations related to the fact that the Plaintiffs named Schaumburg's chief of police in his official capacity, see Amend. Compl. ¶¶ 15, 31, they have not alleged any decisions or acts by the chief. And, even assuming that the chief had any involvement whatsoever in the alleged wrongs – the Plaintiffs have not plead that he is an official with final decision-making authority. The Plaintiffs have not plead a proper claim for Section 1983 liability in this regard.

[4] Contrary to the Plaintiffs' implication, simply alleging that a suit is against an officer in his "official capacity" does not transform a properly plead individual claim into a properly plead claim against a government body. True, suits against state agents in their official capacity are deemed actions against the state. See Kentucky v. Graham, 473 U.S. 159 (1985). And, local officials are considered state agents when they are charged with enforcement of state statutes. See Garcia v. City of Chicago, 24 F.3d 966 (7th Cir. 1994). But, when a suit is brought against government actors in their official capacity, Plaintiffs are not excused from pleading a policy. Quite the contrary, "official capacity" suits require plaintiffs to plead a policy under Monell. See Graham, 473 U.S. at 166.

Silva v. City of Chicago, No. 94 C 7228, 1996 WL 535244, *4 (N.D. Ill. Sept. 18, 1996)). The Village Defendants' motion to dismiss the federal civil rights claims is therefore GRANTED.

## Schaumburg's Motion to Dismiss State-law Claims

Schaumburg asks this Court to dismiss the state-law claims against them because the Plaintiffs have not properly alleged respondeat superior liability. The parties agree that liability attaches against Schaumburg only if the officers were acting within the scope of their authority. Schaumburg argues, though, that the Plaintiffs have "plead themselves out of court," see Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998), by alleging that all illegal conduct was "beyond the scope of their employment." Amend. Compl. ¶ 30. The Plaintiffs counter that they have plead actions within the scope of the officers' authority in the alternative in a separate paragraph. Specifically, the Plaintiffs allege that the officers acted "pursuant to their duly appointed authority of their office as police officers of the City [sic] of Schaumburg in Cook County, Illinois." Amend. Compl. ¶ 25.

The Plaintiffs have properly, if awkwardly, plead their claims in the alternative, which Rule 8 specifically contemplates. See Fed. R. Civ. P. 8(e)(2). That rule says that "[a] party may set forth two or more statements of a claim or defense alternately." Id. The Plaintiffs' paragraph 25 is, as Schaumburg suggests, consistent with an allegation that certain officers were acting under color of law. But, while an individual can act under color of law without acting within the scope of employment, see, e.g., United States v. Tarpley, 945 F.2d 806, 809 (5th Cir. 1991), it certainly does not follow, therefore, that individuals acting under color of law always act outside the scope of their employment. In other words, the Plaintiffs' paragraph 25 is fairly read as both alleging that officers acted under color of law and within the scope of their employment. Since proof of actions within the scope of employment would be consistent with paragraph 25, it is immaterial that they are

inconsistent with paragraph 30. See Rule 8(e)(2); see also Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (dismissal is appropriate only if, under any set of facts consistent with the allegations of the complaint, the Court could never grant relief). For this reason, the Court DENIES Schaumburg's motion to dismiss Counts VIII through XVIII.

### Damages Allegations Against Schaumburg

Schaumburg has also moved to dismiss or strike certain counts and allegations because they either do not pray for relief or they pray for improper relief against Schaumburg. Specifically, Schaumburg says that none of the eighteen counts pray for any relief against it. The Plaintiffs point to paragraph 4, in which they plead that "[t]his litigation seeks damages against . . . The Village of Schaumburg . . . ." Amend. Compl. ¶ 4. They also say, with respect to Counts VIII through XVIII,[5] that they have prayed for relief against certain known and unknown officers, "along with Officers of the Elgin Police Department, and the Schaumburg Police Department . . . ." E.g., Amend. Compl. Prayer for Relief Count VIII. The Amended Complaint sufficient seeks relief from Schaumburg.

The Plaintiffs' prayer is ambiguous with respect to Schaumburg, its police department and its officers. Specifically, it is not clear whether the Plaintiffs seek relief from the police department or from officers of the police department. But the ambiguity is easily resolved. The Schaumburg Police Department is not a suable entity. See, e.g., Robertazzo v. Village of Schaumburg, No. 99 C 3773, at *1 n.1, 1999 WL 675197 (N.D. Ill. Aug. 19, 1999). Consequently, the only interpretation of these specific prayers for relief consistent with the law is that they seek relief from the police officers themselves. Construing these prayers liberally, and with the Plaintiffs' allegation that they

---

[5] Since the Court dismissed Counts I through VI against the Village Defendants, it does not address theses counts on this particular issue.

seek relief from Schaumburg, the Court concludes that they have adequately sought relief from Schaumburg and therefore DENIES this aspect of the motion.

The punitive-damages allegations, though, must be stricken. Schaumburg says that they cannot be held liable for punitive damages under the Local Government Tort Immunity Act, 745 ILCS 10/2-102. The Plaintiffs have not addressed this argument in their response and have therefore tacitly agreed to Schaumburg's position. See, e.g., Malec v. Sanford, 191 F.R.D. 581, 589 (N.D. Ill.2000). The Court, therefore, strikes any punitive damages prayers against the Village of Schaumburg.

## Conclusion

For the reasons stated above, this Court GRANTS Bank One's Motion to Dismiss, GRANTS the Village of Hanover Park's Motion to Dismiss, and GRANTS IN PART and DENIES IN PART the Village of Schaumburg's Motion to Dismiss.

Enter:

_____
David H. Coar
United States District Judge

Dated: JUL 6 - 2001

-8-