# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4339 | **DATE** | August 6, 2002 |
| **CASE TITLE** | Beverly Early, et al. v. Hanover Park Police Officer David Bruno, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, this Court GRANTS the Elgin defendants motion for summary judgment [36-1] in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | **Document Number** |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | AUG – 7 2002 | | |
| X | Docketing to mail notices. | | date docketed | | 52 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| mds(lc) | courtroom deputy's initials | | date mailed notice | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BEVERLY EARLY, et al., )
) **No. 00 C 4339**
      **Plaintiffs,** )
) **HONORABLE DAVID H. COAR**
      **v.** )
)
**HANOVER PARK POLICE OFFICER** )
**DAVID BRUNO, et al.,** )
)
      **Defendants.** )

DOCKETED

AUG 7 2002

## MEMORANDUM OPINION AND ORDER

Beverly Early, along with a group of individuals ("Plaintiffs"), brings an 18-count

Amended Complaint against, among others, the City of Elgin, Unknown Elgin Police Officers,

and the Chief of Elgin Police Department ("Elgin Defendants"), for violations of the Fourth,

Fifth, and Fourteenth Amendments surrounding the execution of a search warrant and certain

ensuing events. Before this Court is the Elgin Defendants' motion for summary judgment on all

counts. For the reasons stated below, this Court GRANTS the Elgin Defendants' motion for

summary judgment in its entirety.

### 1. Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact and

[] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Outlaw v.

Newkirk, 259 F.3d 833, 836 (7th Cir. 2001). The party moving for summary judgment bears the

initial burden of production to identify "those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

-1-

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation omitted). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Outlaw, 259 F.3d at 837 (citing Celotex, 477 U.S. at 325). Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the nonmovant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

## II. Background

As a preliminary matter, this Court must address the requirements under Local Rule 56.1. Local Rule 56.1, formerly Local General Rule 12, sets forth guidelines for litigants moving for and opposing summary judgment. Under this rule, the party moving for summary judgment must file, among other things, a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Loc. R. 56.1(a)(3). The required statement must consist of short numbered paragraphs, and within each paragraph there must be specific cites to the record that support those facts. Id. Further, Local Rule 56.1(b) requires that a party opposing a motion for summary judgment must file, among other things: [A] concise response to the movant's statement that shall contain: (A) a response to each numbered paragraph in the moving party's statement, including in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (B) a statement consisting of short numbered paragraphs of any

-2-

additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials. Loc. R. 561(b)(3).

Any facts that are not specifically denied will be deemed admitted in considering a motion for summary judgment. Id.; see also Bordelon v. Chicago Sch. Reform Bd. of Trustees, 233 F.3d 524, 527-28 (7th Cir. 2000). Further, when a nonmoving party fails to comply with Local Rule 56.1(b), all facts set forth in the moving party's statement are deemed admitted. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 689 (7th Cir. 2000). The Seventh Circuit has "consistently and repeatedly upheld a district court's strict compliance with its local rules governing summary judgment." Bordelon, 233 F.3d at 527.

In this case, the Elgin Defendants properly filed their Rule 56.1(a) statement, which contains specific cites to the record in support of the 24 paragraphs contained in their Statement of Facts. Plaintiffs, however, did not file an answer opposing the motion for summary judgment, and they therefore failed to file a Rule 56.1(b) response. Thus, the following facts[1] are taken from the Elgin Defendants' Statement of Material Facts, all of which are deemed admitted--to the extent that they are supported by the record--as they are uncontested. Dade v. Sherwin-Williams Co., 128 F.3d 1135, 1140 (7th Cir. 1997).

In July 1998, Elgin Police Officer Jeff Adam was investigating illegal drug activities within the City of Elgin when he learned that reliable informants had purchased drugs from Plaintiff William Ardson. On July 16, 1998, Officer Adam also learned that the Hanover Park

---

[1] In an earlier proceeding of this case, this Court iterated a brief background sketch generally outlining the alleged wrongdoings. See Early v. Bruno, No. 00 C 4339, 2001 WL 775968, at *1 (N.D. Ill. July 10, 2001). The background facts enumerated here are only the facts relevant to the Elgin Defendants.

Police Department would be executing a search warrant on July 17, 1998. On July 17, 1998, the Hanover Park Police Department executed a search warrant at 7313 Northway, Hanover Park, Illinois, which was the residence of William Ardson ("Ardson residence"). This search warrant commanded all peace officers of the State of Illinois to search the Ardson residence and seize, among other things, "drug records." Officer Adam, the only Elgin police officer involved in the execution of the search warrant and search of Ardson's residence, had nothing to do with obtaining the search warrant or with planning the execution of that warrant. Charles Gruber, who was the Chief of Police of the Elgin Police Department in July 1998, did not participate in obtaining the search warrant against Plaintiffs' residence, did not participate in the execution of that search warrant, and had no knowledge of the execution of that warrant.

On July 17, 1998, Officer Adam went to the Plaintiffs' residence to search that residence for evidence of illegal drug transactions in the City of Elgin. Officer Adam did not participate in the initial entry of Plaintiffs' residence and he did not use or authorize the use of any distraction devices, tear gas, pepper spray, or other similar devices or agents. When the initial entry into Plaintiffs' residence was made pursuant to the search warrant, Officer Adam was directing traffic approximately one block away from Plaintiffs' residence. Later, Officer Adam entered Plaintiffs' residence after the firefighters had used fans to blow smoke out of the residence that had accumulated after officers who executed the search warrant detonated a distraction device. Officer Adam entered the residence to obtain records of illegal drug activities engaged in by William Ardson in the City of Elgin. Officer Adam remained in Plaintiffs' residence for 30 to 45 minutes reviewing a record of phone numbers that Ardson maintained in a drawer in his master bedroom.

-4-

Officer Adam never arrested or assisted in the arrest of, or used any force against any of the Plaintiffs on July 17, 1998. Officer Adam also never observed any person use any force against any of the Plaintiffs. Officer Adam never took any of the Plaintiffs into custody and he was unaware that any of the Plaintiffs were ill or injured in any way on July 17, 1998. Officer Adam also was unaware that any of the Plaintiffs requested or were in need of medical attention on that day. Officer Adam never signed any criminal complaints or testified in any criminal proceeding against any of the Plaintiffs and he never participated in bringing charges against any of the Plaintiffs on or after July 17, 1998.

Chief Gruber was not present at the Ardson residence at the time of the execution of the search warrant and he had not contact with any of the Plaintiffs on July 17, 1998. He never made any agreement or reached any mutual understanding with any other Defendant or any other person to take any action against the Plaintiffs or to otherwise violate any of Plaintiffs' constitutional rights. Chief Gruber was unaware on July 17, 1998 that any of the Plaintiffs had been arrested, battered or assaulted, placed in custody, or denied medical attention. He did not prepare any police reports regarding the execution of the search warrant at the Ardson residence, nor did he participate in bringing any charges against or prosecuting any of the Plaintiffs.

### III. Discussion

The Elgin Defendants move for summary judgment on all 18 counts of Plaintiffs' First Amended Complaint. This Court addresses each count in turn.

*A. Count 1 - Excessive Force*

Plaintiffs allege an excessive force claim against all of the defendant officers. Allegations of excessive force are evaluated under an "objective reasonableness" standard, "in

light of the facts and circumstances confronting them . . . ." Graham v. Connor, 490 U.S. 386, 397 (1989). The facts and circumstances in this case show that while Plaintiffs generally allege that excessive force was used against them, neither Officer Adam nor Chief Gruber used any force against any of the Plaintiffs, nor did they have any knowledge of any use of force by anyone else against the Plaintiffs. Since it is uncontroverted that these two defendants used no force against Plaintiffs, summary judgment is granted in favor of the Elgin Defendants on Count I.

B. *Count II - Failure to Provide Medical Attention*

Plaintiffs allege that all of the defendant officers failed to provide medical attention for them in violation of their constitutional rights. The Eighth Amendment protects prisoners from deliberate indifference to a serious injury or medical need, and this protection extends to arrested persons and pretrial detainees under the Due Process Clause of the Fourteenth Amendment. Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001). To prevail the detainee must satisfy an objective and a subjective element, namely that: (1) an objectively serious injury or medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it. Id. (citing Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999)). In this case, it is undisputed that Officer Adam, the only Elgin police officer present at Plaintiffs' residence on July 17, 1998, neither arrested any of the Plaintiffs nor was he aware of any of their medical needs. This Court therefore grants summary judgment in favor of the Elgin Defendants on Count II.

C. *Counts III and IV - Conspiracy*

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act or to inflict a wrong against or injury upon another. Hampton v. Hanrahan, 600 F.2d 600, 620-21 (7th Cir. 1979), rev'd in part on other grounds, 446 U.S. 754 (1980), reh'g

-6-

denied, 448 U.S. 913 (1980). Thus, to establish a prima facie case of civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988). Here, the facts are clear that Officer Adam and Chief Gruber had no mutual understanding or agreement with any other defendant to violate the constitutional rights of Plaintiffs, nor did any other Elgin police officer. Summary judgment is therefore granted in favor of the Elgin Defendants on Counts III and IV.

### D. Count V - Unlawful Search and Seizure

Count V is an unlawful search and seizure claim against all of the defendants for the entry and search of Plaintiffs' residence on July 17, 1998. The Fourth Amendment states that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated," and its central requirement is one of reasonableness. Illinois v. McArthur, 531 U.S. 326, 330 (2001) (quoting U.S. Const., Amdt. 4). A plaintiff, however, cannot base a Fourth Amendment claim on action taken pursuant to a valid warrant. See, e.g., Baker v. McCollan, 443 U.S. 137, 143-44 (stating that someone executing a valid arrest warrant is not "required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent"). Defendants do not challenge the validity of the warrant in this case. Further, even if the validity of the warrant was in question, police officers executing search warrants are entitled to qualified immunity if a reasonable officer would have believed that he execution of the warrant did not violate any clearly established law. Anderson v. Creighton, 483 U.S. 635,

638 (1987); see also Saucier v. Katz, 533 U.S. 194, 194-95, 202 (2001) (reiterating standard). In this case, Officer Adam searched Plaintiffs' residence for drug records as authorized by a valid search warrant. He had no reason to believe that the warrant was invalid or otherwise suspect; thus summary judgment is granted in favor of the Elgin Defendants on Count V.

## E. Count VI - Failure to Intervene

An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under §1983 if that officer had reason to know (1) that excessive force was being used; (2) that a citizen had been unjustifiably arrested; (3) that any constitutional violation had been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring. Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). Officer Adam was present at the search of Plaintiffs' residence. It is clearly established, however, that not only did Officer Adam not witness any other law enforcement official depriving Plaintiffs of their constitutional rights, but he also was not aware that Plaintiffs suffered any constitutional deprivations. Summary judgment is granted in favor of the Elgin Defendants on Count VI.

## F. Count VII - Breach of Contract

In Count VII, Plaintiffs allege a breach of contract claim against Bank One for its repossession of Plaintiffs' automobile. As the Plaintiffs do not allege that any of the Elgin Defendants was a party to that contract or any other contract that was breached, summary judgment is granted in favor of the Elgin Defendants on Count VII.

-8-

*G. Counts VIII through XVI - Assault, Battery, and False Imprisonment*

Counts VIII through XVI generally allege assault, battery, and false imprisonment against all defendants. However, since the facts establish that neither Officer Adam nor Chief Gruber (nor any other Elgin police officer) participated in any assault, battery, arrest or false imprisonment of any of the Plaintiffs, summary judgment is granted in favor of the Elgin Defendants on Counts VIII through XVI.

*H. Counts XVII and XVIII - Malicious Prosecution*

The remaining two counts generally state federal and state malicious prosecution claims against all the defendants. Since there is no "constitutional right not to be prosecuted without probable cause," a plaintiff may not state a §1983 claim simply by alleging that he was maliciously prosecuted. Penn v. Harris, ___ F.3d ___, 2002 WL 1467428, at *2 (7th Cir. July 10, 2002) citing Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir. 2001). Rather, he must allege the violation of one of his constitutional rights, such as the right to a fair trial. Id. The Plaintiffs here do not allege violation of one of their constitutional rights. While Newsome was decided after Plaintiffs brought suit, they have had ample time to recast their claims as violations of a constitutional right. See, e.g., Penn, ___ F.3d, 2002 WL 1467428, at *2 (declining to recast plaintiff's claim to comport with Newsome); Mearday v. City of Chicago, 196 F.Supp.2d 700, 714 n.19 (N.D. Ill. 2002) (same). Thus Plaintiffs' §1983 malicious prosecution claims fail as a matter of law and summary judgment is granted in favor of the Elgin Defendants.

Plaintiffs also allege a state malicious prosecution claim. Under Illinois law, a plaintiff may prove malicious prosecution by showing that (1) the defendant sued the plaintiff maliciously and without probable cause; (2) the suit terminated in plaintiff's favor; and (3) the plaintiff was

-9-

injured beyond the cost and annoyance of defending the suit. Penn, ___ F.3d, 2002 WL 1467428, at *2 citing Miller v. Rosenberg, 749 N.E.2d 946, 951-52 (Ill. 2001). The facts are clear that no Elgin police officer arrested or prosecuted, or took part in the arrest or prosecution of any of the Plaintiffs. Thus, Plaintiffs have failed to show the first element of their state malicious prosecution claim. Summary judgment therefore is granted in favor of the Elgin Defendants on Counts XVII and XVIII.

## IV. Conclusion

For the foregoing reasons, the Elgin Defendants' motion for summary judgment is GRANTED in its entirety.

**Enter:**

David H. Coar

**David H. Coar**

**United States District Judge**

**Dated: August 6, 2002**